# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-1824V

| | |
|---|---|
| SANDRA L. ABBOTT,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 11, 2024 |

*Paul D. Bekman*, Bekman, Marder, Hopper, Malarkey & Perlin, LLC, Baltimore, MD, for Petitioner.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On December 15, 2022, Sandra L. Abbott filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination administered to her on December 27, 2019. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On October 17, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 31. On December 11, 2024, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $90,000.00 in pain and suffering and $1,030.00 in unreimbursable expenses. Proffer at 1-2, ECF No. 36. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $91,030.00 for pain and suffering and unreimbursable expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SANDRA L. ABBOTT,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 22-1824V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 15, 2022, Sandra L. Abbott ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act. *See* 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table ("Table"), following the administration of the tetanus diphtheria ("Td") vaccine on December 27, 2019. 42 C.F.R. § 100.3(a)(I)(C); Petition at 1. On October 17, 2024, the Secretary of Health and Human Services ("respondent") filed an amended Rule 4(c) report indicating that, in light of Chief Special Master Corcoran's Findings of Fact that petitioner met the severity requirement, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. *See* ECF No. 30. On October 17, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. *See* ECF No. 31.

I.  **Items of Compensation**

A.  Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded $90,000.00 for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,030.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.  **Form of the Award**

Respondent recommends that compensation provided to petitioner should be made through one lump sum payment, and requests that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of **$91,030.00** in the form of a check payable to petitioner.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

3

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                ALEXIS B. BABCOCK
                Assistant Director
                Torts Branch, Civil Division

                <u>/s/ Felicia D. Langel</u>
                FELICIA D. LANGEL
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C.  20044-0146
                Tel: (202) 305-3148
                felicia.d.langel@usdoj.gov

DATED: December 11, 2024